**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Paul Hougas,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-19-08039-PHX-SPL<br><br>**ORDER** |

  Plaintiff Kenneth Paul Hougas seeks judicial review of the denial of his application for disability insurance benefits under the Social Security Act, 42 U.S.C. § 405(g). Plaintiff argues that the Administrative Law Judge ("ALJ") erred by: (1) finding his hypothyroidism to be non-severe; (2) according inadequate weight to the opinion of his treating physician; (3) rejecting his subjective complaints; and (4) and concluding that his degenerative disc disease did not meet one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Doc. 13 at 4). Ultimately, Plaintiff argues the ALJ's decision was not supported by substantial evidence (Doc. 13 at 4).

  A person is considered "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration's decision to deny benefits should be upheld unless it is based on legal error or is not supported by

substantial evidence. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). The Court must review the record as a whole and consider both the evidence that supports and the evidence that detracts from the ALJ's determination. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

**I. DISCUSSION**

**A. NON-SEVERE IMPAIRMENT**

Plaintiff first argues the ALJ erred in finding his hypothyroidism to be a non-severe impairment (Doc. 13 at 4-7). Plaintiff specifically argues the error was harmful based on the condition's close association with his morbid obesity and ineligibility for lumbar surgery (Doc 14 at 4).

First, aside from its association with his obesity, Defendant argues, and Plaintiff does not contest, that there is no medical source opinion stating that Plaintiff experienced any functional restrictions stemming specifically from his hypothyroidism (Doc. 21 at 9). Although the record confirms a diagnosis (*see, e.g.*, AR 795, 798, 800, 804),[1] "a mere recitation of a medical diagnosis does not demonstrate how that condition impacts plaintiff's ability to engage in basic work activities." *Wiehn v. Colvin*, No. 2:12-cv-01517 CKD, 2013 WL 4404120, at *3 (E.D. Cal. Aug. 15, 2013).

To the extent Plaintiff argues that his hyperthyroidism is a major contributing factor to his obesity, which in turn prevented him from getting lumbar surgery, the ALJ found Plaintiff's obesity to be a "severe" impairment (AR 18), and acknowledged that Plaintiff's "morbid obesity has led to increased stress on his lumbar spine, as well as made him a poor surgical candidate." (AR 24). The Court is unclear as to what additional physical limitations Plaintiff believed should have been attributed to his hypothyroidism in the

---

[1] Administrative Record (Doc. 10).

2

evaluation of his residual functional capacity. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (finding any error in failing to include a diagnosis to be harmless when the decision reflects consideration of the corresponding limitations). Accordingly, even assuming the ALJ may have erred, the Court finds such error was harmless.[2]

### B. MEDICAL OPINION OF MARSHALL MEIER, M.D.

Plaintiff argues the ALJ accorded inadequate weight to the opinion of his primary care physician, Marshall Meier, M.D. (Doc. 13 at 7-8).

> To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence.

*Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (internal citation omitted). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Here, the ALJ made only a general passing reference to Dr. Meier's opinion (AR 24):

> [T]he claimant's obesity would reasonably aggravate the pain from the degenerative disc changes in the lumbar spine. To be sure, [] in July 2017, the claimant saw a Board Certified Physical Medicine and Rehabilitation Physician, who noted that the claimant's morbid obesity has led to increased stress on his lumbar spine, as well as made him a poor surgical candidate.

(AR 24). Although it appears that the ALJ may have considered Dr. Meier's opinion in

---

[2] Plaintiff also argues the ALJ erred in failing to consider the side effects from his thyroid medication (Doc. 13 at 5-7) and in finding those allegations "were not recorded in the medical evidence of record." (AR 23). In his Opening Brief, Plaintiff does not point to anything in the medical records to support significant side effects (Doc. 13 at 5-7). Instead, the only corroboration is Plaintiff's testimony at the July 12, 2017 hearing (AR 51-54). Because this argument centers on subjective complaints, the ALJ was required to provide specific, clear, and convincing reasons to reject that testimony. Whether the ALJ erred in doing so is better addressed in the section evaluating Plaintiff's subjective symptoms.

3

evaluating Plaintiff's obesity and degenerative disc disease, the decision is far from clear. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1037 n.10 (9th Cir. 2007). Because the decision lacks any actual, meaningful evaluation of Dr. Meier's opinion, the Court finds the ALJ erred.

### C. PLAINTIFF'S SYMTOM TESTIMONY

Plaintiff also argues the ALJ erred in rejecting Plaintiff's symptom testimony (Doc. 13 at 11-19). In evaluating a claimant's testimony, the ALJ is required to engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ must decide whether the claimant has presented objective medical evidence of an impairment reasonably expected to produce some degree of the symptoms alleged. *Id*. If the first test is met and there is no evidence of malingering, the ALJ can reject the testimony regarding the severity of the symptoms only by providing specific, clear, and convincing reasons for the rejection. *Id*. Here, the ALJ found Plaintiff's medical impairments could reasonably be expected to cause some of the alleged symptoms, but concluded that his statements as to the intensity or limiting effects of those symptoms were not entirely credible (AR 22).

"In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Here, the ALJ found Plaintiff's daily living activities and reported functionality (AR 24), the effectiveness of medication (AR 23), and the objective medical evidence (AR 23-23) illustrated that Plaintiff possessed greater functional abilities than he alleged.

Here, although Plaintiff attacks the boilerplate language that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision," Plaintiff does not address the specific

4

reasons noted above and relied upon by the ALJ. *See Rose-Eckert v. Berryhill*, 694 Fed. App'x 555, 556 (9th Cir. 2017) (noting that boilerplate language *standing alone* may constitute reversible error).

Upon review, the Court finds that Plaintiff's failure to address the ALJ's reasoning amounts to a concession that those specific reasons for rejecting Plaintiff's subjective complaints were valid. *See Independent Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our circuit has repeatedly admonished that we cannot 'manufacture arguments for an appellant' and therefore we will not consider any claims that were not actually argued in appellant's opening brief. Rather, we 'review only issues which are argued specifically and distinctly in a party's opening brief.'" (internal citations omitted)); *see also Sohmer v. Internal Revenue Serv.*, No. EDCV 18-01172-AB (RAO), 2018 WL 6133724, at *6 (C.D. Cal. Oct. 5, 2018); *Meyers v. Schriro*, No. CV08-0078-PHX-GMS, 2010 WL 2471914, at *6 (June 15, 2010).

### D. DEGENERATIVE DISC DISEASE

Plaintiff next argues that the ALJ erred in finding that Plaintiff's degenerative disc disease failed to meet one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1, specifically Section 1.04 (Doc. 13 at 9-11). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990), *superseded by statute on other grounds as stated in Kennedy v. Colvin*, 738 F.3d 1172, 1174 (9th Cir. 2013).

To meet listing 1.04(A), which covers disorders of the spine, including degenerative disc disease, a claimant must meet the following criteria:

> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 1.04. Here, the ALJ found "there [was] no evidence

5

of clinical deficits for 12 continuous months," nor "evidence of root compression characterized by motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss." (AR 21). Upon review, the Court finds there is evidence in the record to support the ALJ's finding that Plaintiff did not demonstrate significant atrophy or muscle weakness (*see, e.g.*, AR 524 (noting normal range of motion in the cervical spine with no weakness or pain); AR 525 (noting normal thoracic muscle bulk with atrophy, or spasms); AR 573 (noting no atrophy); AR 613 (noting normal range of motion in cervical spine and no weakness); AR 772 (noting normal muscle tone and no clonus or atrophy); and 774 (noting claimant did not complain of weakness)). To the extent Plaintiff argues there is evidence to support that his degenerative disc disease meets § 1.04(A)'s requirements, we leave it to the ALJ to resolve conflicts and ambiguities in the record. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). To reverse would require this Court to review the factual record de novo and re-weigh the evidence. The Court is prohibited from doing so. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." (internal quotation marks and citation omitted)); *Flynn v. Charter*, 107 F.3d 617, 620 (8th Cir. 1997) ("Rather, 'if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings, we must affirm the decision.'" (citation omitted)). The Court thus finds that the ALJ did not err in finding that Plaintiff's degenerative disc disease failed to meet one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

### E. SUBSTANTIAL EVIDENCE

Finally, Plaintiff argues substantial evidence in the record supports a finding of disability in this case (Doc. 13 at 19). Within this argument, Plaintiff appears to argue the ALJ erred in relying on various consultative examiner reports and opinions, which are arranged by the Social Security Administration, and are inherently biased (Doc. 13 at 20-21. Plaintiff further argues that the ALJ has a higher than average denial rate, and that research suggests most denials may be found to be incorrect (Doc. 13 at 24). Plaintiff,

however, provides no support to find that consultative examinations cannot be relied upon by administrative law judges. In fact, under our regulatory framework, "the Commissioner 'has broad latitude in ordering a consultative examination.'" *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001) (citation omitted). The Court thus finds that relying on a consultative examination is not error in and of itself. The Court notes, however, that it will reverse for further proceedings to allow the ALJ to properly consider Dr. Meier's opinion, and other opinions in relation to each other, as previously discussed. To the extent Plaintiff appears to generally cite to evidence within those records that might support a finding of disability, Plaintiff has failed to include any legal argument, and the Court again refuses to reweigh the evidence. Finally, to the extent Plaintiff argues the ALJ has a high denial rate, "ALJs are presumed to be unbiased." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). In addition, Plaintiff has failed to demonstrate, or make any argument, that the ALJ's behavior in this specific context, was "so extreme as to display clear inability to render fair judgment." *Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir. 2001).

## II. CONCLUSION

It is in this Court's discretion to reverse and remand for an award of benefits or further proceedings. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). In this case, remand is appropriate to properly consider Dr. Meier's medical opinion. Accordingly,

///

///

///

///

///

///

///

///

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **vacated and remanded** to the Commissioner of the Social Security Administration for further proceedings consistent with this order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 30th day of March, 2020.

Honorable Steven P. Logan
United States District Judge